**Mark VADNAIS, Plaintiff**

v.

**NSK STEERING SYSTEMS AMERICA, INC.,**
**Defendant.**

**Civil Action No. 09–30001–KPN.**

United States District Court,
D. Massachusetts.

Nov. 20, 2009.

Neil C. Darragh, Freedman, DeRosa & Rondeau, LLP, North Adams, MA, for Plaintiff.

Cheryl A. Cardelli Kitch, Drutchas, Wagner, Valitutti & Sherbrook, Detroit, MI, Michael K. Clarkson, Rachel E. Munoz, Morgan, Brown & Joy, LLP, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Document No. 16)*

NEIMAN, United States Magistrate Judge.

Mark Vadnais ("Plaintiff") brings this complaint against NSK Steering Systems America, Inc. ("Defendant") with respect to Defendant's termination of his employment in March of 2007. Plaintiff makes multiple claims—*e.g.*, age discrimination, violation of the implied covenant of good faith and fair dealing, and three separate breaches of contract—one of which Defendant now challenges via a motion for partial summary judgment: Plaintiff's breach of contract claim (Count I) alleging that Defendant failed to honor a proposed termination agreement.[1]

Soon after Defendant's motion for partial summary judgment became ripe, the court scheduled oral argument. During preparation for the hearing, however, it became clear that the court would allow the motion. Accordingly, in order to ensure that the remainder of this case proceeds expeditiously, the court has decided to cancel the hearing and allow the motion with this memorandum and order.

### I. STANDARD OF REVIEW

When ruling on a motion for summary judgment, the court must construe the facts in a light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir.1994). The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir.1994) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### II. BACKGROUND

Because the present issue is narrow and the material facts undisputed, only minimal background is needed. Plaintiff, a senior tool designer from Massachusetts, began working for Defendant, a Vermont company that manufactures and sells automobile parts, in February of 1989. Over eighteen years later, on March 28, 2007, Defendant terminated Plaintiff as part of a reduction-in-force and offered him a severance package via a "Release of Claims and Settlement Agreement" (hereinafter "the Agreement" (Def.'s Ex. C)). Plaintiff was sixty years old at the time.

In essence, the Agreement, which Plaintiff received on or about March 28, 2007, offered him six months of salary ($28,290) and seven months of medical insurance coverage ("COBRA" benefits) in exchange for his release of any and all claims he might otherwise have against Defendant. (Agreement at 1.) Paragraph 18 of the Agreement stated that Plaintiff had twenty-one days to "consider" the Agreement's terms. (*Id.* at 4.) Paragraph 20, in turn, stated as follows: "Employee understands that if a signed copy of this Agreement is not returned within 21 days of his receipt of this Agreement, . . . all the obligations

---

1. The parties have jointly consented to the jurisdiction of this court pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

assumed by [Defendant] under this Agreement will terminate and/or not commence." (*Id.* at 5.) At the end of the Agreement, Plaintiff was advised to consult an attorney before signing. (See *id.*)

Plaintiff promptly retained an attorney who responded by a letter dated April 9, 2007, which Defendant received on or about April 11th, the fourteenth of the twenty-one days referenced in the Agreement. (Def.'s Ex. D.) In his letter, Plaintiff's then-attorney alleged that Plaintiff had been unlawfully terminated and proposed that Defendant pay Plaintiff the full compensation and benefits that he would have been entitled to had he remained with the company until the age of sixty-two, *i.e.*, approximately four-times what Defendant had proposed. (*Id.*)

What happened next is a little vague. However, both parties agree that, at some point, there was a telephone call in which Plaintiff's proposal was rejected by Defendant's counsel. (Compl. at 2; Answer at 1–2.) The parties also agree that Plaintiff did not sign or return the Agreement within twenty-one days, that is, by April 18, 2007. (See Pl.'s Depo. at 43, Pl.'s Ex. E.) Finally, both parties agree that, on September 18, 2008—*i.e.*, nearly eighteen months after the March 28, 2007 Agreement was tendered—Plaintiff ostensibly "accepted" its terms. (Pl.'s Ex. E.) Plaintiff, thereafter, commenced this multi-count lawsuit.

### III. *DISCUSSION*

Defendant seeks summary judgment on Count I on grounds that "there was no enforceable contract created" and, therefore, there is "no viable claim" for its breach. (Def.'s Motion ¶¶ 4, 5.) For the following reasons, the court agrees.

■ It is well established in Massachusetts that the essential elements of a contract are an offer, acceptance, and an exchange of consideration or meeting of the minds. *See Quinn v. State Ethics Comm'n*, 401 Mass. 210, 516 N.E.2d 124, 127 (1987); *Northrup v. Brigham*, 63 Mass.App.Ct. 362, 826 N.E.2d 239, 243 (2005) (citing cases).[2] Here, the parties agree that Defendant's Agreement was only an "offer" to Plaintiff supported by proposed consideration. The parties also agree that the Agreement expressly stated that, if a signed copy was not returned within twenty-one days, Defendant's proposed obligations would terminate. Accordingly, since there was no "meeting of the minds" within that time-frame—*i.e.*, because there was no "acceptance" of the offer, *see Restatement (Second) of Contracts* § 50 (2009) (acceptance is a "manifestation of intent to the terms thereof made by the offeree in a manner invited or required by the offer")—the offer lapsed and a contract was not formed. As Plaintiff testified at his deposition, he never signed the Agreement, "meaning that I didn't accept it." (Pl.'s Depo. at 43.)

To be sure, Plaintiff argues that Paragraph 18—which indicated he had twenty-one days to "consider" the Agreement—somehow made the Agreement ambiguous, necessitating that it be interpreted by a jury. That argument, in the court's view, has no merit. Paragraph 20, in clear language, stated that if a signed copy of the Agreement was not returned within twenty-one days "all the obligations assumed

---

2. The parties agree that, because Massachusetts and Vermont are completely aligned with respect to the legal questions presented here, the court need not engage in a complicated choice-of-law analysis but may simply apply Massachusetts law. *See Okmyansky v. Herbalife Int'l of Am., Inc.*, 415 F.3d 154, 158 (1st Cir.2005) ("We have said before, and today reaffirm, that when the resolution of a choice-of-law determination would not alter the disposition of a legal question, a reviewing court need not decide which body of law controls.") (citing cases).

by [Defendant] under this Agreement will terminate and/or not commence." (Agreement at 5.) Plaintiff also testified that he understood "what [Paragraph] 20 means." (Pl.'s Depo. at 43.) Moreover, as Defendant notes, the exact language of both Paragraphs 18 and 20 was mandated by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* *See* 29 U.S.C. § 626(f)(1)(E) and (F). Finally, even if the subject paragraphs were somehow ambiguous, which they are not, no reasonable person could interpret them as meaning that Defendant's offer would remain open for the nearly eighteen months it took Plaintiff to purportedly "accept" it. *See generally Powers, Inc. v. Wayside, Inc. of Falmouth,* 343 Mass. 686, 180 N.E.2d 677, 680–81 (1962) (noting that where an offer does not specify a time for acceptance, a reasonable time will be implied and ten months was unreasonable as a matter of law).

■ The court also rejects one final argument pursued by Plaintiff, namely, that there is a factual question as to whether his then-attorney's letter dated April 9, 2007, was a counteroffer "or whether the Defendant invited discussion on possible revision of the contract by suggesting that the Plaintiff consult with an attorney before signing the agreement." (Pl.'s Memo. at 9.) The court makes three points in this regard. First, Plaintiff cites no case law that an "invitation to discuss" may somehow toll an acceptance period. Second, it is amply clear that the attorney's April 9th letter—which essentially proposed that the severance package be quadrupled—was, indeed, a counteroffer since it "varie[d] from the offer in [a] substantial respect." *Moss v. Old Colony Trust Co.,* 246 Mass. 139, 140 N.E. 803, 806 (1923). As a counteroffer, therefore, the April 9th letter was "in effect a rejection [of the offer] and . . . the equivalent of a new proposition" which was never accepted by Defendant. *Id.* (citing cases). *Accord Uno Restaurants,*

*Inc. v. Boston Kenmore Realty Corp.,* 441 Mass. 376, 805 N.E.2d 957, 966 n. 6 (2004) (citing 1 S. Williston, *Contracts* § 5:3, at 629 (4th ed.1990)). Third, even if the April 9th letter itself was *not* a counteroffer, the original offer clearly and unambiguously expired on or about April 18, 2007, for all the reasons described above. At bottom, it is unequivocally clear that no contract was formed and, hence, there could not have been any breach.

### IV. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment on Count I is ALLOWED. The parties are hereby directed to the court's June 30, 2009 Scheduling Order which indicates, *inter alia,* that all discovery shall be completed by December 28, 2009, and that any additional motions for summary judgment (or an indication that no such motions will be filed) shall be filed by January 28, 2010. (See Document No. 14 for complete details.)

IT IS SO ORDERED.